## ACTION FOR RECOVERY OF A REAL ESTATE COMMISSION.

Circuit Court of Cuyahoga County.

LOUIS KOBLITZ ET AL v. HARRY KOBLITZ.

Decided, July 1, 1912.

*Equitable Assignment Can Only be Made of an Existing Fund.*

A fund, to be the subject of equitable assignment, must have an actual or potential existence; hence, a promise in writing to divide with the promisee a commission thereafter to be earned, can not be treated as an equitable assignment of such commission, which may not be revoked by the promisor at any time before actual payment.

*J. H. Hogg* and *R. M. Morgan,* for plaintiffs in error.
*F. J. Wing,* contra.

NIMAN, J.; METCALFE, J., and JONES, J. (sitting in place of Judges Marvin and Winch), concur.

The defendant in error was plaintiff, and the plaintiffs in error were defendants, in the court of common pleas.

The plaintiff instituted his action in that court to recover of the defendants a real estate commission of $1,500 for negotiating a sale of property belonging to said defendants. By written instrument, dated April 8, 1911, the plaintiff became entitled to receive from the defendants a commission of $1,500 in the event a certain option given by the defendants to one J. L. Free on a tract of land on Noble road, in Cuyahoga county should result in a sale, and the purchase price be paid according to the terms of the option.

There was no controversy on the trial of the case about the commission having been earned. The defense was, that the plaintiff had assigned to the said J. L. Free one-half of his commission, and that the defendants had paid the same to Free. Before the action was started the defendants had tendered $750 to the plaintiff and in the course of the trial he accepted this amount over which there was no dispute, and the trial continued as to the other $750.

The verdict was for the plaintiff and judgment was entered on the verdict after the overruling of the defendant's motion for a new trial.

The payment of $750 to J. L. Free, relied upon to defeat the plaintiff's claim, was made by the defendants in reliance, as they claim, upon a written order from the plaintiff to J. L. Free, which reads as follows:

"CLEVELAND, OHIO, February 23d, 1911.

"MR. J. L. FREE,
            City.

"*Dear Sir*: As per my agreement with you, I am making a contract with Messrs. Wilkoff and Koblitz Brothers to pay me a cash commission of fifteen hundred dollars ($1,500), in case you buy the fifty (50) acres of land on Cleveland Heights, upon which you have taken an option, and in consideration of our

agreement and your having taken said option I hereby ·agree to divide the said commission with you, and this letter shall constitute your order to Messrs, Wilkoff and Koblitz Brothers to pay you seven hundred and fifty dollars ($750) of the commission at the time that you finish the ten thousand dollars ($10,-000) payment upon the land.

"HARRY KOBLITZ.

"Accepted
    "J. L. FREE."

It was claimed by the plaintiff that before this order was accepted by the defendants he had revoked it and had given notice to them of his revocation. The defendants, on the other hand, deny that they had notice of such revocation until after they had accepted the order, and thereby obliged themselves to pay $750 to J. L. Free.

The issue of fact thus raised was submitted to the jury. There was a conflict of evidence concerning this question of fact and the jury found for the plaintiff.

There is nothing to indicate that the verdict is so manifestly against the weight of the evidence as to justify any interference on this ground by this court.

The question remains, however, whether the plaintiff had any power of revocation over the order given by him to J. L. Free.

It is contended for the plaintiffs in error that the order operated as an equitable assignment to Free of one-half of the commission mentioned, and that the instrument created an equitable property right which could not be disturbed by any subsequent act of the defendant in error. If this contention be accepted, the necessary inference is that Harry Koblitz was not the real party in interest as to the claim asserted by him in the action below.

*Pomeroy's Equity Jurisprudence*, Section 1280, contains the following statement:

"It is an established doctrine that an equitable assignment of a specific fund in the hands of a third person creates an equitable property in such fund. If, therefore, A has a specific fund in the hands of B, or in other words B, as a depository or otherwise, holds a specific sum of money which he is bound to pay to A, and if A agrees with C that the money shall be paid to C, or assigns it to C, or gives to C an order upon B for the

money, the agreement, assignment, or order creates an equitable interest or property in the fund in favor of the assignee, C, and it is not necessary that B should consent or promise to hold it for or pay it to such assignee. In order that the doctrine may apply, and that there may be an equitable assignment creating an equitable property, there must be a specific fund, sum of money, or debt, actually existing, or to become so in future, upon which the assignment may operate, and the agreement, direction for payment or order must be, in effect, an assignment of that fund or of some definite portion of it."

Again in Section 1282 of the same work, it is said:

"What shall amount to the present appropriation which constitutes an equitable assignment is a question of intention, to be gathered from all the language, construed in the light of surrounding circumstances; for example, while it is not essential to the existence of an equitable assignment of a fund that the debtor, agent or depository should be *expressly* directed to pay over the money to the assignee, the absence of such a direction may tend to show an intention not to transfer a present interest in the fund, but that the arrangement is wholly executory and prospective."

Looking to the language of the instrument which is claimed to have effected an equitable assignment of a half interest in the commission sued for, and an equitable property therein in J. L. Free, it will be seen that there was no fund actually in existence and none potentially in existence. The creation of the fund depended upon the contract that Harry Koblitz, in his communication to Free, says he is making with Mr. Wilkoff and Koblitz Brothers being actually entered into and also upon the consummation of the sale to Free in accordance with the terms of the option held by him. If it should be considered, however, that the commission sought to be recovered in the action below had a potential existence at the time the instrument claimed to operate as an assignment was executed, there is another thing to be taken into account.

It will be noticed that the instrument makes no present transfer of the interest which Harry Koblitz may subsequently acquire in a commission. The words are merely promissory in their nature. "I hereby agree to divide the said commission

with you, and this letter shall constitute your order," etc.; is the language of the instrument.

The order on a future fund which constitutes an equitable assignment is to be distinguished from a mere promise to appropriate such a fund or to give an order thereon. A promise or agreement to divide does not make the division an accomplished fact.

We think, therefore, that it was within the power of the plaintiff below to revoke the order or authority given in the instrument addressed to J. L. Free, and by him accepted, before the defendants accepted the same. The liability of the plaintiff to Free for such a proceeding, is, of course, a question not before us in this case.

Error is claimed to have been committed by the trial court in certain rulings on evidence which have been called to our attention.

The defendant, in the course of the trial, sought to introduce evidence to prove that at the time of the option being given to J. L. Free and before the execution of the writing under the claimed authority of which the defendants paid $750 to Free, there was an agreement and contract between the plaintiff and defendants by which he was to get $1,500 for selling the property, and that the written agreement for a commission on which the plaintiff founded his action was simply the result of putting into writing the agreement previously existing.

The court excluded this evidence and the defendants, having duly excepted, complain of the exclusion.

The ruling of the trial court was correct. Previous understandings and negotiations were merged in the written agreement. It would have been a clear violation of one of the recognized rules of evidence to have admitted the evidence offered.

The court also refused to admit evidence offered by the defendants to prove that the plaintiff had stated to J. L. Free that he, Free, owned half of the commission, and requested him to buy the other half.

It is claimed for this evidence offered that it was competent as an aid to the construction of the contract between the plaintiff and Free. The contract, however, is not ambiguous and re-

quires the aid of no extrinsic evidence to make it clear. In our opinion the evidence concerning the construction placed upon the agreement by the plaintiff and Free was properly excluded.

Judgment affirmed.